DA 08-0301

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 51N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

HARVEY KENLEY ALDERMAN,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-07-108
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Ronald Robert Piper, Attorney at Law; Missoula, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; John A. Paulson,
Assistant Attorney General; Helena, Montana

      George H. Corn, Ravalli County Attorney; Hamilton, Montana

Submitted on Briefs:  February 11, 2009

Decided:  February 24, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Harvey Alderman ("Alderman") appeals from the sentence imposed upon his conviction for felony sexual assault in violation of § 45-5-502(1)(3), MCA.

¶3 Alderman raises the following issues on appeal:

¶4 1. Did the District Court err in imposing a prison sentence instead of a Department of Corrections ("DOC") commitment?

¶5 2. Did the District Court err in requiring Alderman to complete both Phases I and II sex offender treatment before becoming eligible for parole, where the court had classified Alderman as a Level I low risk offender and community treatment was recommended and available?

¶6 3. Did the District Court err in imposing certain conditions of sentence suspension?

¶7 4. Did the District Court err in imposing the PSI fee, the Crime Victim Surcharge, the Statutory Surcharge, and the Court Technology Fee when Alderman had no ability to pay?

¶8    The District Court was not required to commit Alderman to the DOC or to impose a more lenient sentence involving outpatient sex offender treatment. Since Alderman's sentence to the Montana State Prison is within the statutory parameters of § 45-5-502(3), MCA, it is not illegal.

¶9    The restriction on Alderman's parole eligibility is authorized by law and comes within statutory parameters. The District Court's sentencing order provides a sufficient rationale for imposition of the requirement that Alderman complete both Phase I and II of the sex offender treatment program before becoming parole eligible. Section 46-18-202(2), MCA.

¶10    There is a nexus for the various conditions of Alderman's suspended sentence since the conditions were sufficiently connected to either Alderman's offense or to his background and characteristics or were imposed as appropriate conditions for the probation management of a sex offender.

¶11    In light of the District Court's determination that, despite his limited income and assets, Alderman should be able to pay the minimum total of $130 in statutory fees, his contention that imposition of these fees was unreasonable is without merit.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶13    Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:


/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS